# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Andre Kanaya,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No. 17-1103 (APM) |
| | ) |
| **Alcohol, Tobacco, Firearm and Explosives,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff, a federal prisoner appearing *pro se*, brought this action under the Freedom of Information Act ("FOIA") and the Privacy Act to compel records from Defendant Alcohol, Tobacco, Firearm and Explosives ("ATF"). Plaintiff attaches to the Complaint his FOIA request dated October 15, 2015, and addressed: "Dear Sir or Madam, Re: Department of Justice; U.S. Attorney of Southern District of Florida."[1] Compl., ECF No. 1, Ex. A. Contending that it did not receive Plaintiff's request, Defendant has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and has proffered in support the Declaration of Peter J. Chisholm, ECF No. 10-1. Plaintiff has produced no evidence showing that Defendant received, or should have received, the FOIA request. Therefore, the court will grant Defendant's motion for the reasons explained more fully below.

---

[1] Plaintiff requested essentially all records pertaining to the criminal prosecution of himself and a co-defendant. In the sole paragraph mentioning ATF, Plaintiff merely asked: "How did ATF profile as a robber or stash house robber"? Ex. A ¶ 7.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a court should grant summary judgment if "there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is capable of affecting the outcome of litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). FOIA authorizes district courts to enjoin federal agencies from withholding agency records and to order the production of any improperly withheld records. 5 U.S.C. § 552(a)(4)(B). But an agency's obligation "to search for and disclose all responsive records" is not triggered until it has received a request, *Ctr. for the Study of Servs. v. United States Dep't of Health & Human Servs.*, 874 F.3d 287, 288 (D.C. Cir. 2017), that "reasonably describes" the requested records and "is made in accordance with [the agency's] published rules," 5 U.S.C. § 552(a)(3)(A). Under DOJ regulations, a FOIA requester should "write directly to the FOIA office of the component that maintains the records being sought," 28 C.F.R. § 16.3(a), or if unsure, mail the request to DOJ's "FOIA/PA Mail Referral Unit, Justice Management Division," which would then "forward the request to the component(s) that it determines to be most likely to maintain the [requested] records," *id.* § 16.3 (a)(2); *see* § 16.41 (requiring same of Privacy Act requesters).

## III. DISCUSSION

Defendant's declarant is the Acting Chief of ATF's Disclosure Division. He indicates that Defendant was unaware of Plaintiff's FOIA request until this lawsuit. Once informed, Disclosure Division staff, using various terms, searched ATF's "electronic FOIA databases to determine if the alleged FOIA request was received by [the] office." Chisholm Decl. ¶¶ 6-7. ATF found no record of having received a FOIA request from Plaintiff "in or around October 15, 2015." *Id.* ¶ 8.

Plaintiff counters that because he has "shown by a declaration" that he "sent [his] FOIA request on October 15, 2015," through the prison mail system, the burden shifts to "the Government to prove that [he] delivered his initial FOIA request to prison authorities – if at all – on a date other than on October 15, 2015." Pl.'s Opp'n , ECF No. 12, at 2. This argument is simply unavailing.

A federal agency has no obligation to respond to a FOIA request it has not received. *See Reynolds v. United States Dep't of Justice*, Civ. Action No. 16-1428 (JEB), 2017 WL 1495932 (D.D.C. April 26, 2017), at *2. Where, as here, an agency submits a declaration stating it did not receive the FOIA request, the burden falls on the requester to come forward with proof to create a genuine dispute of fact that he sent the FOIA request to the agency *and* the agency received it. *See Pinson v. United States Dep't of Justice*, 69 F. Supp. 3d 108, 113-14 (D.D.C. 2014). Here, Plaintiff has failed to meet his burden. The only evidence Plaintiff offers is his own declaration, which does not establish mailing to ATF. Rather, the declaration states, "I placed in the inmate legal mailbox to the *Dep't of Justice ("ATF")* my FOIA request on October 15, 2015, and State that first-class postage was prepaid." Pl.'s Opp'n at 4 (emphasis added). Thus, Plaintiff's declaration does not show he mailed the FOIA request to ATF at an address associated with ATF. Moreover, Plaintiff fails to acknowledge that, on its face, his FOIA request (1) is directed at "Department of Justice; U.S. Attorney of Southern District of Florida," not ATF, and (2) does not include an address where it supposedly was mailed. Compl., Ex. A. Therefore, even the FOIA request itself does not help Plaintiff satisfy his burden.

In short, where, as here, an agency's declaration "demonstrate[s] that the prerequisites for triggering the agency's duties to search and produce responsive records have not been satisfied," and the agency's declaration stands unrebutted by competent evidence, "the agency is entitled to

3

summary judgment." *MacLeod v. United States Dep't of Homeland Sec.*, No. 15-cv-1792, 2017 WL 4220398, at *6 (D.D.C. Sept. 21, 2017) (citing *Dale v. IRS.*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) (other citations omitted)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted and judgment is entered in favor of Defendant.

A separate order accompanies this memorandum opinion.

Dated: January 11, 2018

Amit P. Mehta
United States District Judge